**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00252-CV**
_____

**IN RE J.S.G. AND A.G.**

**Original Proceeding**
**County Court at Law of Orange County, Texas**
**Trial Cause Nos. C200227-D and C200696-D**

**MEMORANDUM OPINION**

J.S.G. and A.G., Relators, filed a petition for a writ of mandamus and a motion for temporary relief. *See* Tex. R. App. P. 52; *see also* Tex. Gov't Code Ann. § 22.221. Relators ask this Court to stay the trial set for September 13, 2021, on a petition for termination of parental rights filed by the Texas Department of Family and Protective Services ("the Department"), to compel the trial court to vacate an order striking Relators' petition in intervention for lack of standing and require the trial court to conduct a trial on the merits of their petition for termination and adoption. We deny the petition for mandamus and the motion for temporary relief.

1

On March 26, 2020, the Department filed Trial Cause Number C200227-D, *In the Interest of C.E.L., Jr.*, an Original Petition for Protection of a Child, For Conservatorship, and For Termination in Suit Affecting the Parent-Child Relationship. In the suit, the Department sought termination of the parental rights of D.N.M. and C.E.L. and appointment of the Department as sole managing conservator of C.E.L. Jr.

On November 20, 2020, the Department filed Trial Cause Number C2002696-D, *In the Interest of S.O.L.*, an Original Petition for Protection of a Child, For Conservatorship, and For Termination in Suit Affecting the Parent-Child Relationship. In the suit, the Department sought termination of the parental rights of D.N.M. and C.E.L. and appointment of the Department as sole managing conservator of S.O.L. In later pleadings, the Department identified the child by the initials B.B.M.

On April 26, 2021, Relators filed an Original Petition in Intervention and for Termination of Parental Rights in Trial Cause Numbers C200227-D and C200696-D. In each case, they alleged standing as adults who have had actual possession and control of the child for not less than two months during the three-month period preceding the filing of the petition. *See* Tex. Fam. Code Ann. § 102.005(3).

In each case, the Department moved to strike and dismiss the plea in intervention. The Department argued that Relators cannot maintain standing under

section 102.005(3) because a specific standing statute applies to foster parents and Relators cannot establish standing under that section. *Compare* Tex. Fam. Code. Ann. § 102.005(3), *with* § 102.003(a)(12). The Department further argued that section 102.005 did not apply because the Department did not seek adoption in its petition.

The trial court heard Relators' motion in intervention on May 14, 2021. Counsel for Relators admitted Relators could not establish standing to file an original suit affecting the parent-child relationship under section 102.003(a)(12) of the Texas Family Code and argued they established standing to file a suit for termination and adoption under section 102.005(c).

On May 14, 2021, the trial court informed the parties by e-mail that she was ruling that Relators lack standing. On July 8, 2021, the trial court signed orders striking the interventions and dismissing Relators as parties to the cases. On July 29, 2021, the trial court consolidated the two cases under Trial Cause Number C200227-D, styled *In the Interest of C.E.L., Jr. and S.O.L.*

On August 31, 2021, Relators filed their mandamus petition in this Court. They argue they had actual possession and control of the children for the requisite time period to establish their standing to sue for termination and adoption when they filed their petitions in intervention on April 26, 2021. According to Relators, the Department placed C.E.L. Jr. in their home on August 5, 2020, placed S.O.L. in their

3

home on December 23, 2020, and removed both children on April 9, 2021. Relators argue that an appeal is an inadequate remedy for the trial court's alleged error in granting the motion to strike their interventions because the case will proceed to final judgment without them. It appears the children's parents have executed affidavits of relinquishment.

To obtain extraordinary relief in a writ of mandamus, Relators must show that the trial court abused its discretion and there is no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding).

When a person intervenes before the trial court signs a final judgment and the trial court strikes a petition in intervention, the intervening party dismissed from the suit may appeal from the final judgment. *See Kenneth D. Eichner, P.C. v. Dominguez*, 623 S.W.3d 358, 362 (Tex. 2021). Relators argue that they will lack a realistic avenue to perfect an appeal because they will not receive notice of future proceedings. But they filed their mandamus petition thirteen days before the trial will commence, and the Rules of Appellate Procedure allow a party to a civil case to file a notice of appeal before the trial court signs the judgment. *See* Tex. R. App. P. 27.1(a). The Department's suit regarding C.E.L., Jr. is subject to a dismissal date

4

of September 24, 2021. Termination of the parental rights of D.N.M. and C.E.L. is before the trial court in a trial commencing on September 13, 2021. But the record in the mandamus proceeding fails to show that any party other than Relators have filed a claim for adoption. Thus, by striking the intervention, there is no longer any active claim seeking the adoption of C.E.L. Jr. and S.O.L. Should Relators be successful in an accelerated appeal from the final judgment that will decide the issues involved in the Department's petition, Relators will be able to appeal and if successful, the trial court will be required to consider their claim on remand.

Under the circumstances, we conclude Relators have not shown that appeal from the final judgment will not provide an adequate remedy. In this opinion we neither consider nor decide whether Relators established standing to file a petition for termination and adoption. We deny the petition for a writ of mandamus and motion for temporary relief. *See* Tex. R. App. P. 52.8(a), 52.10.

PETITION DENIED.

PER CURIAM

Submitted on September 22, 2021
Opinion Delivered September 23, 2021

Before Golemon, C.J., Kreger and Horton, JJ.

5